JJD:CMM
F. #2015R02148

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 18 2016 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

EDWARD MANGANO,
LINDA MANGANO and
JOHN VENDITTO,

Defendants.

- - - - - - - - - - - X

THE GRAND JURY CHARGES:

I N D I C T M E N T

C R  16  5 4 0
Cr. No.

(T. 18, U.S.C., §§ 371, 666(a)(1)(B),
981(a)(1)(C), 982(a)(2)(A), 1001(a)(2),
1343, 1346, 1349, 1512(c)(2), 1512(k),
1951(a), 2 and 3551 et seq.; T. 21, U.S.C.,
§ 853(p); T. 28, U.S.C., § 2461(c))

AZRACK, J.

BROWN, M. J.

INTRODUCTION TO ALL COUNTS

At all times relevant to this Indictment, unless otherwise indicated:

Nassau County and the Town of Oyster Bay

1.      Nassau County was a county in the State of New York.  Nassau County had approximately 1.3 million residents and was comprised of two cities, three towns, 64 villages, and more than 60 hamlets.  Nassau County awarded contracts to provide services to the public.  In or about and between 2010 and the present, Nassau County received in excess of $10,000 each calendar year under federal programs involving grants and other forms of federal assistance.

2.      One of the three towns in Nassau County was the Town of Oyster Bay (the "TOB").  The TOB was comprised of 18 villages and 18 hamlets, all of which were located in Nassau County.  The Town Board was the legislative authority for the TOB.  The

TOB awarded contracts to provide services to the public.   In or about and between 2010 and

the present, the TOB received in excess of $10,000 each calendar year under federal

programs involving grants and other forms of federal assistance.

The Defendants and Co-Conspirator #1

3.       Since January 2010, the defendant EDWARD MANGANO has served

as the Nassau County Executive.   EDWARD MANGANO, the highest ranking elected

official in Nassau County, acted as both the chief executive and fiscal officer of Nassau

County.

4.       The defendant LINDA MANGANO was the wife of the defendant

EDWARD MANGANO.   Between April 2010 and August 2014, LINDA MANGANO was

paid more than $450,000 for performing little or no work by a local businessman and

restaurateur, an individual whose identity is known to the Grand Jury ("Co-Conspirator #1").

5.       Since January 1998, the defendant JOHN VENDITTO has served as

the TOB Supervisor.   VENDITTO, the highest ranking elected official in the TOB, acted as

both the chief executive and fiscal officer of the Town.   As Supervisor, VENDITTO was a

member of the TOB Town Board, presided over Town Board meetings, and voted on matters

before the Town Board.

6.       Co-Conspirator #1 owned and operated approximately 30 businesses,

located primarily in Nassau County.   One of the businesses was a restaurant located in

Hicksville, New York ("Restaurant #1").   Another of the Co-Conspirator #1 business

entities was a restaurant located in Queens, New York ("Restaurant #2").

7. Some of Co-Conspirator #1's business entities were awarded contracts by Nassau County and the TOB, including, but not limited to, contracts to provide food services to certain Nassau County agencies and concession agreements to operate various food concessions within the TOB.

The Defendants' Criminal Schemes

I. Solicitation and Receipt of Bribes in Exchange for Official Action

8. In or about and between January 2010 and February 2015, the defendants EDWARD MANGANO and JOHN VENDITTO, together with others, engaged in a scheme to solicit and receive bribes and kickbacks from Co-Conspirator #1 in exchange for EDWARD MANGANO and JOHN VENDITTO performing official actions, on an as-needed basis, as opportunities arose, in connection with Co-Conspirator #1's businesses in Nassau County and the TOB, including, but not limited to: (a) the TOB's guarantee of certain loans that certain business entities of Co-Conspirator #1 received from a bank, the identity of which is known to the Grand Jury (the "Bank"), and a private financing company, the identity of which is known to the Grand Jury (the "Lender"), in connection with Co-Conspirator #1's status as a TOB concessionaire (the "TOB Loan Scheme"); and (b) Nassau County's award of certain contracts to certain business entities of Co-Conspirator #1 (the "Nassau County Contracts Scheme").

9. With respect to the TOB Loan Scheme, Co-Conspirator #1, through a business entity ("Restaurant #3"), had a concession agreement with the TOB to operate a restaurant and catering facility on property owned by the TOB. In addition, Co-Conspirator #1, through another business entity ("Restaurant #4"), had a concession

4

agreement with the TOB to operate the concession stands at one of the TOB's municipal beaches.

10.    Beginning in or about January 2010 through in or about December 2013, Co-Conspirator #1 sought a series of loans totaling over $20 million from the Bank and the Lender for financing related to capital improvements for Restaurant #3, Restaurant #4, and concessions at two additional TOB municipal beaches.  In order for Co-Conspirator #1 to obtain these loans, the TOB indirectly guaranteed the loans through amendments to the TOB's concession agreements with Restaurants #3 and #4.  As a result of the loan guarantees, the TOB agreed to repay the Bank or the Lender the entire amount of the loans if Co-Conspirator #1 or Co-Conspirator #1's business entities defaulted on the loans.

11.    Among other things, EDWARD MANGANO used his official position to advise and pressure JOHN VENDITTO to execute the amendment to the concession agreement between the TOB and Restaurant #4 in 2010, and the subsequent concession amendments in 2011 and 2012 between the TOB and Restaurants #3 and #4, all of which served as indirect guarantees for loans given to Co-Conspirator #1 and Restaurants #3 and #4.  Among other things, VENDITTO voted on Town Board resolutions related to the concession agreements and the amendments thereto between the TOB and Restaurants #3 and #4, signed the 2010 amendment to the concession agreement, and had another TOB official sign, on his behalf, the 2011 and 2012 amendments to the concession agreements, all of which served as indirect guarantees for loans given to Co-Conspirator #1 and Restaurants #3 and #4.

12.     In addition, beginning in approximately late 2011 through approximately December 2012, Co-Conspirator #1, through certain business entities, was awarded lucrative contracts by Nassau County, including but not limited to certain contracts worth hundreds of thousands of dollars to provide food services to Nassau County agencies (the "Nassau County Contracts").   Among other things, MANGANO used his official position to advise and pressure Nassau County officials to award the Nassau County Contracts to Co-Conspirator #1.

13.     Beginning in or about January 2010 through in or about February 2015, in exchange for all of the above benefits they provided to Co-Conspirator #1 and Co-Conspirator #1's business entities, EDWARD MANGANO, JOHN VENDITTO and others, received from Co-Conspirator #1, among other things, various hotel and travel expenses, limousine services, meals, and other gifts, including, but not limited to, a massage chair, a Panerai Luminor watch, hardwood flooring and installation at the residence of EDWARD MANGANO and LINDA MANGANO, the free use of private office space, and significantly discounted rates for events and fundraisers held at Co-Conspirator #1's restaurants.   In addition, as set forth above, Co-Conspirator #1 paid LINDA MANGANO over $450,000 for performing little or no work in connection with a job with Restaurant #2.

14.     In furtherance of the negotiations for the Bank and Lender loans and potential additional financing for Co-Conspirator #1's business entities that held TOB concessions, as well as in furtherance of the negotiations for the Nassau County Contracts, EDWARD MANGANO, JOHN VENDITTO, Co-Conspirator #1 and others transmitted or

6

caused to be transmitted interstate email communications from the Eastern District of New
York.

II.     Obstruction of Justice

15.     In or about and between March 2014 and December 2015, the United
States Attorney's Office for the Eastern District of New York and Special Agents with the
Federal Bureau of Investigation ("FBI") served the TOB with eight grand jury subpoenas for,
among other things, any and all records related to Co-Conspirator #1 and
Co-Conspirator #1's concession agreements with the TOB.

16.     On or about February 3, 2015, Special Agents with the FBI served
LINDA MANGANO with a grand jury subpoena for, among other things, any and all records
related to her employment with Co-Conspirator #1 and Restaurant #2.

A.      EDWARD MANGANO and LINDA MANGANO'S Obstruction of Justice

17.     Beginning in or about January 2015 through the present, EDWARD
MANGANO and LINDA MANGANO conspired to influence, obstruct and impede the
underlying grand jury investigation.   Among other things, EDWARD MANGANO and
LINDA MANGANO repeatedly met with Co-Conspirator #1, at which times EDWARD
MANGANO and LINDA MANGANO fabricated stories in an attempt to explain LINDA
MANGANO's employment by Co-Conspirator #1 and Co-Conspirator #1's payments of
gifts and vacation expenses for EDWARD MANGANO, LINDA MANGANO and their
family members.

18.     On January 13, 2015, FBI Special Agents interviewed LINDA
MANGANO at her residence in Bethpage, New York and asked her about, among other

things, her employment by Co-Conspirator #1 at Restaurant #2.  During the interview, among other things, LINDA MANGANO fabricated examples of work she claimed to have performed for Co-Conspirator #1.  At the conclusion of the January 13, 2015 interview, the FBI agents advised LINDA MANGANO that lying to federal officials constituted a federal crime.  After being asked whether she wished to revise the statements she made to the FBI agents, LINDA MANGANO stated that she did not.

19.     On May 20, 2015 and May 24, 2015, federal prosecutors and Special Agents with the FBI and Internal Revenue Service-Criminal Investigations ("IRS-CI") interviewed LINDA MANGANO at the United States Attorney's Office for the Eastern District of New York in Central Islip, New York and asked her about, among other things, her employment by Co-Conspirator #1 at Restaurant #2.  At the beginning of the May 20, 2015 and May 24, 2015 interviews, LINDA MANGANO was advised that lying to federal officials constituted a federal crime.  During the interviews, among other things, LINDA MANGANO fabricated examples of work she claimed to have performed for Co-Conspirator #1.

B.     JOHN VENDITTO's Obstruction of Justice

20.     On October 23, 2015 and December 18, 2015, federal prosecutors and Special Agents with the FBI and IRS-CI interviewed the defendant JOHN VENDITTO at the United States Attorney's Office for the Eastern District of New York in Central Islip, New York and asked him about his involvement in, among other things, the TOB Loan Scheme. At the beginning of each interview, VENDITTO was advised that lying to federal officials constituted a federal crime.  During the December 18, 2015 interview, among other things,

VENDITTO falsely claimed that he had not received anything of value from

Co-Conspirator #1.   In fact, however, VENDITTO had received benefits from

Co-Conspirator #1, including, but not limited to, limousine services, the free use of private

office space, and significantly discounted rates for events and fundraisers held at

Co-Conspirator #1's restaurants.

COUNT ONE
(Conspiracy to Commit Federal Program Bribery)

21.     The allegations set forth in paragraphs one through 20 of this

Indictment are realleged and incorporated as if fully set forth in this paragraph.

22.     In or about and between January 2010 and February 2015, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants EDWARD MANGANO and JOHN VENDITTO, together with others, being

agents of local governments, to wit: Nassau County and the TOB, did knowingly and

willfully conspire to corruptly solicit and demand for the benefit of EDWARD MANGANO

and JOHN VENDITTO, and accept and agree to accept, one or more things of value, from

one or more persons, to wit: Co-Conspirator #1, intending to be influenced and rewarded in

connection with business and one or more transactions and series of transactions of Nassau

County and the TOB involving things of value of $5,000 or more, while such governments

were in receipt of, in any one year period, benefits in excess of $10,000 under one or more

Federal programs involving grants, contracts, subsidies, loans, guarantees, insurance and

other forms of federal assistance, contrary to Title 18, United States Code, Section

666(a)(1)(B).

23.     In furtherance of the conspiracy, and to effect its objects, within the Eastern District of New York, the defendants EDWARD MANGANO and JOHN VENDITTO committed and caused to be committed, the following:

OVERT ACTS

a.     On or about April 9, 2010, Co-Conspirator #1 issued LINDA MANGANO a paycheck for a job with Restaurant #2 in which LINDA MANGANO performed little or no work;

b.     On or about April 28, 2010, EDWARD MANGANO, JOHN VENDITTO, Co-Conspirator #1 and others met in VENDITTO's office in North Massapequa, New York;

c.     On or about June 9, 2010, JOHN VENDITTO and Co-Conspirator #1 signed an amendment to a concession agreement with the TOB;

d.     On or about September 17, 2012, Co-Conspirator #1 purchased a massage chair for EDWARD MANGANO at EDWARD MANGANO's request;

e.     On or about June 8, 2013, Co-Conspirator #1 paid for a limousine service used by JOHN VENDITTO; and

f.     On or about August 4, 2014, Co-Conspirator #1 issued LINDA MANGANO a paycheck for a job with Restaurant #2 in which LINDA MANGANO performed little or no work.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNT TWO
### (Federal Program Bribery)

24.     The allegations set forth in paragraphs one through 20 of this Indictment are realleged and incorporated as if fully set forth in this paragraph.

25.     In or about and between January 2010 and February 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants EDWARD MANGANO and JOHN VENDITTO, together with others, being agents of local governments, to wit: Nassau County and the TOB, did knowingly, intentionally and corruptly solicit and demand for the benefit of EDWARD MANGANO and JOHN VENDITTO, and accept and agree to accept, one or more things of value, from one or more persons, to wit: Co-Conspirator #1, intending to be influenced and rewarded in connection with business and one or more transactions and series of transactions of such governments involving things of value of $5,000 or more, while such governments were in receipt of, in any one year period, benefits in excess of $10,000 under one or more Federal programs involving grants, contracts, subsidies, loans, guarantees, insurance and other forms of Federal assistance.

(Title 18, United States Code, Sections 666(a)(1)(B), 2 and 3551 et seq.)

## COUNT THREE
### (Conspiracy to Commit Honest Services Wire Fraud)

26.     The allegations set forth in paragraphs one through 20 of this Indictment are realleged and incorporated as if fully set forth in this paragraph.

27.     In or about and between January 2010 and February 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants EDWARD MANGANO and JOHN VENDITTO, together with others, did

knowingly and intentionally conspire to devise a scheme and artifice to defraud and deprive

the citizens of Nassau County and the TOB and the governments of Nassau County and the

TOB of their intangible right to the honest services of EDWARD MANGANO and JOHN

VENDITTO through bribery and kickbacks, and for the purpose of executing such scheme

and artifice, to transmit and cause to be transmitted, by means of wire communication in

interstate commerce, writings, signs, signals, pictures and sounds, contrary to Title 18,

United States Code, Sections 1343 and 1346.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

COUNT FOUR
(Honest Services Wire Fraud)

28.    The allegations set forth in paragraphs one through 20 of this

Indictment are realleged and incorporated as if fully set forth in this paragraph.

29.    In or about and between January 2010 and February 2015, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants EDWARD MANGANO and JOHN VENDITTO, together with others, did

knowingly and intentionally devise a scheme and artifice to defraud and deprive the citizens

of Nassau County and the TOB and the governments of Nassau County and the TOB of their

intangible right to the honest services of EDWARD MANGANO and JOHN VENDITTO

through bribery and kickbacks, and for the purpose of executing such scheme and artifice,

the defendants, together with others, transmitted and caused to be transmitted by means of

wire communication in interstate commerce, writings, signs, signals, pictures and sounds, to

wit: an interstate email transmission, dated November 2, 2011, from Co-Conspirator #1 to an

individual involved in the negotiation of loans in connection with Co-Conspirator #1's status as a TOB concessionaire.

(Title 18, United States Code, Sections 1343, 1346, 2 and 3551 et seq.)

## COUNT FIVE
### (Honest Services Wire Fraud)

30.     The allegations set forth in paragraphs one through 20 of this Indictment are realleged and incorporated as if fully set forth in this paragraph.

31.     In or about and between January 2010 and February 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant EDWARD MANGANO, together with others, did knowingly and intentionally devise a scheme and artifice to defraud and deprive the citizens of Nassau County and the government of Nassau County of their intangible right to the honest services of EDWARD MANGANO through bribery and kickbacks, and for the purpose of executing such scheme and artifice, the defendant, together with others, transmitted and caused to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures and sounds, to wit:   an interstate email, dated November 5, 2012, from an employee of Co-Conspirator #1 to an individual employed by Nassau County regarding Restaurant #1's catering for a Nassau County agency.

(Title 18, United States Code, Sections 1343, 1346, 2 and 3551 et seq.)

## COUNT SIX
### (Extortion)

32.     The allegations set forth in paragraphs one through 20 of this Indictment are realleged and incorporated as if fully set forth in this paragraph.

33.    In or about and between January 2010 and August 2014, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendant EDWARD MANGANO, together with others, did knowingly and intentionally

obstruct, delay and affect commerce, and the movement of articles and commodities in

commerce, by extortion, in that the defendant and others obtained property, to wit: more than

$450,000 to LINDA MANGANO for performing little or no work, various hotel and travel

expenses, meals, a massage chair, a Panerai Luminor watch, hardwood flooring and

installation and other forms of payment, from Co-Conspirator #1, with Co-Conspirator #1's

consent, which consent was to be induced under color of official right, to wit: EDWARD

MANGANO's position as Nassau County Executive.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

COUNT SEVEN
(Conspiracy to Obstruct Justice – EDWARD MANGANO and LINDA MANGANO)

34.    The allegations set forth in paragraphs one through 20 of this

Indictment are realleged and incorporated as if fully set forth in this paragraph.

35.    In or about and between August 2014 and October 2016, both dates

being approximate and inclusive, within the Eastern District of New York, the defendants

EDWARD MANGANO and LINDA MANGANO, together with others, did knowingly,

intentionally and corruptly conspire to obstruct, influence and impede an official proceeding,

to wit: a federal grand jury investigation in the Eastern District of New York into the

offenses charged in Counts One through Six, contrary to Title 18, United States Code,

Section 1512(c)(2).

(Title 18, United States Code, Sections 1512(k) and 3551 et seq.)

## COUNT EIGHT
### (Obstruction of Justice – LINDA MANGANO)

36.     The allegations set forth in paragraphs one through 20 of this Indictment are realleged and incorporated as if fully set forth in this paragraph.

37.     In or about and between August 2014 and October 2016, both dates being approximate and inclusive, within the Eastern District of New York, the defendant LINDA MANGANO, together with others, did knowingly, intentionally and corruptly obstruct and impede, and attempt to obstruct and impede, an official proceeding, to wit: a federal grand jury investigation in the Eastern District of New York into the offenses charged in Counts One through Six.

(Title 18, United States Code, Sections 1512(c)(2), 2 and 3551 et seq.)

## COUNT NINE
### (False Statements (January 13, 2015) – LINDA MANGANO)

38.     The allegations set forth in paragraphs one through 20 of this Indictment are realleged and incorporated as if fully set forth in this paragraph.

39.     On or about January 13, 2015, within the Eastern District of New York, the defendant LINDA MANGANO did knowingly and willfully make a materially false, fictitious and fraudulent statement and representation, in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit: the FBI, in that the defendant falsely stated and represented to FBI Special Agents that she performed certain specified tasks in connection with her employment with Co-Conspirator #1 and

Restaurant #2, when in fact, as she then and there well knew and believed, the defendant did not perform those tasks.

(Title 18, United States Code, Sections 1001(a)(2) and 3551 et seq.)

## COUNT TEN
(False Statements (May 20, 2015) – LINDA MANGANO)

40.     The allegations set forth in paragraphs one through 20 of this Indictment are realleged and incorporated as if fully set forth in this paragraph.

41.     On or about May 20, 2015, within the Eastern District of New York, the defendant LINDA MANGANO did knowingly and willfully make a materially false, fictitious and fraudulent statement and representation, in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit: the FBI and the IRS-CI, in that the defendant falsely stated and represented to FBI and IRS-CI Special Agents that she performed certain specified tasks in connection with her employment with Co-Conspirator #1 and Restaurant #2, when in fact, as she then and there well knew and believed, the defendant did not perform those tasks.

(Title 18, United States Code, Sections 1001(a)(2) and 3551 et seq.)

## COUNT ELEVEN
(False Statements (May 24, 2015) – LINDA MANGANO)

42.     The allegations set forth in paragraphs one through 20 of this Indictment are realleged and incorporated as if fully set forth in this paragraph.

43.     On or about May 24, 2015, within the Eastern District of New York, the defendant LINDA MANGANO did knowingly and willfully make a materially false, fictitious and fraudulent statement and representation, in a matter within the jurisdiction of

the executive branch of the Government of the United States, to wit: the FBI and the IRS-CI,

in that the defendant falsely stated and represented to FBI and IRS-CI Special Agents that

she performed certain specified tasks in connection with her employment with Co-

Conspirator #1 and Restaurant #2, when in fact, as she then and there well knew and

believed, the defendant did not perform those tasks.

(Title 18, United States Code, Sections 1001(a)(2) and 3551 et seq.)

### COUNT TWELVE
(Obstruction of Justice – JOHN VENDITTO)

44.     The allegations set forth in paragraphs one through 20 of this

Indictment are realleged and incorporated as if fully set forth in this paragraph.

45.     In or about and between August 2014 and October 2016, both dates

being approximate and inclusive, within the Eastern District of New York, the defendant

JOHN VENDITTO did knowingly, intentionally and corruptly obstruct and impede, and

attempt to obstruct and impede, an official proceeding, to wit: a federal grand jury

investigation in the Eastern District of New York into the offenses charged in Counts One

through Four.

(Title 18, United States Code, Sections 1512(c)(2) and 3551 et seq.)

### COUNT THIRTEEN
(False Statements (December 18, 2015) – JOHN VENDITTO)

46.     The allegations set forth in paragraphs one through 20 of this

Indictment are realleged and incorporated as if fully set forth in this paragraph.

47.     On or about December 18, 2015, within the Eastern District of New

York, the defendant JOHN VENDITTO did knowingly and willfully make a materially false,

fictitious and fraudulent statement and representation, in a matter within the jurisdiction of

the executive branch of the Government of the United States, to wit: the FBI and the IRS-CI,

in that the defendant falsely stated and represented to FBI and IRS-CI Special Agents that he

did not receive anything of value from Co-Conspirator #1, when in fact, as he then and there

well knew and believed, he received benefits from Co-Conspirator #1, to wit: limousine

services, the free use of private office space, and significantly discounted rates for events and

fundraisers held at Co-Conspirator #1's restaurants.

(Title 18, United States Code, Sections 1001(a)(2) and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS ONE, TWO AND SIX

48.    The United States hereby gives notice to the defendants EDWARD

MANGANO and JOHN VENDITTO that, upon conviction of any of the offenses charged in

Counts One, Two and Six, the government will seek forfeiture in accordance with Title 18,

United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c),

of any property, real or personal, constituting or derived from proceeds traceable to such

offenses.

49.    If any of the above-described forfeitable property, as a result of any act

or omission by the defendants:

        a.      cannot be located upon the exercise of due diligence;

        b.      has been transferred or sold to, or deposited with, a third party;

        c.      has been placed beyond the jurisdiction of the Court;

        d.      has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS THREE, FOUR AND FIVE

50.    The United States hereby gives notice to the defendants EDWARD MANGANO and JOHN VENDITTO that, upon conviction of any of the offenses charged in Counts Three, Four and Five, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(2)(A), which requires any person convicted of such offenses to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses.

51.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

19

        e.      has been commingled with other property which cannot be

divided without difficultly;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendants up to the value of the forfeitable

property described in this forfeiture allegation.

        (Title 18, United States Code, Section 982(a)(2)(A); Title 21, United States

Code, Section 853(p))

                              A TRUE BILL

                                     FOREPERSON

ROBERT L. CAPERS
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #2015R02148
FORM DBD-34
JUN. 85

No.

UNITED STATES DISTRICT COURT

EASTERN District of NEW YORK
CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

EDWARD MANGANO, LINDA MANGANO and JOHN VENDITTO,

Defendants.

## INDICTMENT

(T. 18, U.S.C., §§ 371, 666(a)(1)(B), 981(a)(1)(C), 982(a)(2)(A), 1001(a)(2),
1343, 1346, 1349, 1512(c)(2), 1512(k), 1951(a), 2 and 3551; T. 21, U.S.C.,
§ 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
Foreperson

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
Clerk

*Bail, $* _____

*Catherine M. Mirabile, Raymond A. Tierney, Lara Treinis Gatz*
*Assistant U.S. Attorneys*