**WILSON SONSINI**

Wilson Sonsini Goodrich & Rosati
Professional Corporation

1301 Avenue of the Americas
40th Floor
New York, New York 10019-6022

O: 212.999.5800
F: 212.999.5899

November 19, 2025

**VIA CM/ECF**

The Honorable Joan M. Azrack
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

   Re: *United States v. Mangano*, No. 2:16-cr-00540-JMA-SIL

Dear Judge Azrack:

  We represent defendant Edward Mangano in the above-captioned matter. We write to respectfully request that the Court reconsider its denial of our application to allow Mr. Mangano to virtually attend the resentencing hearing scheduled for January 15, 2026. In a November 12, 2025 docket entry, the Court ruled that Mr. Mangano "shall be produced in person in the ordinary manner for resentencing." For the reasons set forth below, we submit that Mr. Mangano's virtual presence would constitute an "ordinary manner" of resentencing under the circumstances. We provide legal support below and attach a form of voluntary waiver of Mr. Mangano's right to appear in person. *See* Ex. 1. Once Mr. Mangano receives the waiver and signs, we can provide the signed copy to the Court.[1]

  Although Federal Rule of Criminal Procedure 43(a)(3) generally requires a defendant's presence at sentencing, courts have long recognized exceptions where a defendant knowingly and voluntarily waives that right—which Mr. Mangano is prepared to do in whatever form the Court requires. *See* Ex. 1. Indeed, Rule 43(c)(1)(B) explicitly contemplates the possibility of a defendant voluntarily waiving his physical presence during sentencing.

  As the Second Circuit has explained, "[d]ue process requires that a defendant be present at all stages of the trial 'to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only.'" *United States v. Rosario*, 111 F.3d 293, 298 (2d Cir. 1997) (quoting *Snyder v. Mass.*, 291 U.S. 97, 108 (1934)). Accordingly, "despite its constitutional and statutory underpinnings, the right of presence may be waived as long as the waiver is both knowing and voluntary." *United States v. Reiter*, 897 F.2d 639, 642-43 (2d Cir. 1990).

---

[1] In any event, Mr. Mangano's signature is not required. Waiver of presence may come from a defendant's attorney. *See Polizzi v. United States*, 926 F.2d 1311, 1322 (2d Cir. 1991) ("Although it is certainly preferable that the waiver [of presence] come from the defendant directly, there is no constitutional requirement to that effect.").

WILSON SONSINI

The Honorable Joan M. Azrack
November 19, 2025
Page 2

Courts applying this framework have regularly allowed sentencing and resentencing hearings to proceed with the defendant's virtual presence or no presence at all, including when the defendant was "anxious that the present place of his incarceration not be disturbed[.]" *United States v. Harris*, 60 F. Supp. 2d 169, 174 (S.D.N.Y. 1999) (amending sentence in defendant's absence and holding that Rule 43 does not require defendant's presence if waived). Other courts within this Circuit have come to the same conclusion. *See, e.g.*, *United States v. Dhafir*, 2011 WL 13289915, at *2 (N.D.N.Y. Mar. 15, 2011) (accepting defendant's waiver of right to be present at resentencing hearing where defendant was confined in Indiana); *United States v. Richards*, No. 1:04-cr-00846-ILG, ECF No. 362 (E.D.N.Y. Oct. 4, 2010) (granting defendant's request to participate in resentencing hearing by telephone where defendant was confined in California).[2] Courts outside this Circuit have followed this same approach.[3]

Requiring Mr. Mangano's physical appearance would likely result in his spending a significant period (perhaps months) in the MDC or other interim facilities. As Your Honor is aware, the MDC is chronically understaffed and poses serious safety concerns. In addition, Mr. Mangano's return to FMC Devens after resentencing is not guaranteed; the Bureau of Prisons could redesignate him to an entirely different facility. Such an outcome would disrupt Mr. Mangano's rehabilitation progress, including his work training service dogs in his care, his work as head chef and town driver, and the privileges he has earned, such as community custody. It would also severely limit his access to family visits and contact for potentially months at a time while in transit or awaiting clearance at the MDC.

For the foregoing reasons, we respectfully request that the Court accept Mr. Mangano's waiver and allow him to attend the resentencing hearing by videoconference.

---

[2] *See also United States v. Lucky*, 569 F.3d 101, 107-08 (2d Cir. 2009) (holding that the rights afforded by the Fifth and Sixth Amendment through Rule 43, including right to attend jury selection, may be "knowingly and voluntarily waived") (citation omitted); *United States v. Pham*, No. 1:12-cr-00423-RMB, ECF No. 264 (S.D.N.Y. Apr. 4, 2023) (granting defendant's request for virtual change of plea hearing over the government's objection and accepting waiver of physical presence).

[3] *See, e.g.*, *United States v. Ammar*, 919 F.2d 13, 17 (3d Cir. 1990) (district court could properly resentence defendant *in absentia* where defendant-petitioner suggested in correspondence to court of appeals that "he is reluctant to travel from Florida where he is currently working and participating in a rational behavior training program, a weekly counselor interview, and regular urine testing. That decision is up to the petitioner.") (internal quotation marks omitted).

**WILSON SONSINI**

The Honorable Joan M. Azrack
November 19, 2025
Page 3

                              Respectfully submitted,

                              WILSON SONSINI GOODRICH & ROSATI
                              Professional Corporation

                              s/ *Morris J. Fodeman*
                              Morris J. Fodeman

                              *Counsel to Edward Mangano*

cc:  All Counsel of Record (via CM/ECF)